# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-15V
Filed: July 7, 2016

* * * * * * * * * * * * * * * * * * * * * * * *

MELVIN MCGINNIS,

              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

UNPUBLISHED

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs;
Reasonable Amount Requested
to which Respondent Does Not
Object.

Danielle A. Strait, Maglio, Christopher & Toale, P.A., Washington, DC, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 6, 2014, Melvin McGinnis ("Petitioner") petitioned for compensation under the National Vaccine Injury Compensation Program.[2]  Pet., ECF No. 1.  Petitioner alleged that he developed "injury and disorder of his immune and neurological systems" because he received the Influenza vaccine. *Id.* at 3.  On January 15, 2016, the parties stipulated to an award of compensation, Stipulation, ECF No. 44, and the undersigned issued a decision in accordance with that stipulation, Decision, ECF No. 45.

On June 22, 2016, Petitioner moved for attorneys' fees and costs in the amount of $73,408.02.  Mot. for Attorneys' Fees at 1, ECF No. 50.  Petitioner's counsel represents that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002.  See 44 U.S.C. § 3501 (2012).  Each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

Petitioner has incurred personal costs in the amount of $8.03 in pursuing the claim.  *Id.*

Roughly two weeks later, Respondent notes that she does "not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  Resp. to Mot. for Attorneys' Fees at 1, ECF No. 51.  At the same time, Respondent explains, her lack of objection to the fees sought "should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Furthermore, the proposed amount seems reasonable and appropriate and Respondent has given no reason to suppose otherwise. **Accordingly, the undersigned hereby awards the amount of $73,408.02, in the form of two checks: one for $73,399.99, made jointly payable to Petitioner and Petitioner's counsel, Danielle A. Strait; and another, for $8.03, made individually payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Entry of judgment may be expedited if each party files a notice renouncing the right to seek review.  Vaccine Rule 11(a).